This document contains some
pages that are of poor quality
at the time of imaging.

77,934-01

From: MARCEL Collins NWAGWU
TDCJ No. 1593238
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas 77583

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 29 2015

Abel Acosta, Clerk

To: Abel Acosta, Clerk
Texas Court of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Texas 78711

RE: Ex Parte, Marcel Collins Nwagwu
Tr. ct. No. D-1-DC-07-904098-C
Motion filing Rule 52.7 (b)

Dear Mr. Acosta,
Enclosed Please find Applicants Motion for
leave to file Supplement to Applicants Orig-
inal Travels and Rebuttal Petition to
States Original Answer and Trial Courts
finding of facts and Recommendations with
Accompanying Motion and Exhibits (A)-(B).
Please file these papers and bring to
prompt Attention of the Judges of said
court. By copy of this cover letter I
have forward a copy of this Motion to ...

(1)

the Assistant District Attorney Rosa Theotanis as indictated in certification of service.

I do greatly appreciate your time and assistance in this matter and additionally ask would you provide me a copy of this cover letter with the date of filing for my records. Thank you in advance.

Sincerely

Marcel Collins Newaguu.

cc: Filed
District Attorney office
Attn: Rosa Theotanis

(2)

In The Court of Criminal Appeals
of Texas

Ex parte,                          ⟩   In The District Court
Marcel Collins Nwagwu             ⟩   299th Judicial District
                                   ⟩   Travis County Texas
                                   ⟩
                                   ⟩   Tr. Ct. No. D-1-DC-07-904098-c

Applicants Motion to Supplement his Original
Travares and Rebuttal to States Original Answer
And Trial Courts finding of fact and Recommendation

    To the Honorable Judges of said court of Appeals
    Now comes Marcel Collins Nwagwu the Applicant,
pro-se and seeks to move this court pursuant
to Texas Rules of Appellate Procedure Rules 52.7
(b) to supplement Applicants Original habeas Travarse
Response and Rebuttal to States Original Answer
And to give additional facts for clarity of
the courts finding of facts and Recommen-
dation and Order.
    In Support of Applicant will show the
following:

(1)

## Judicial Notice

Applicant first contends and points out because there was never a Evidentiary hearing held or the opportunity for Applicant to rebuttal with Competent Evidence to States Answer and the courts purported finding of facts before this motion is presented. Applicant knows that this court does not have Authority to change the statement of facts After the trial court has certified that it conforms to what has been Alleged to have occurred in trial court, but for the reason here in stated and the Evidence presented, Applicant Request A Evidentiary hearing to Comfirm facts presented by both parties.

## Back Ground

A Jury found Applicant guilty of Indencency with a child by contact for which it Assessed a twenty - year prison term and Indencency with a child by Exposure for which it Assessed a ten-year prison term. Nwaguu v. State 2010 Tex. App. Lexis 8463 (Tex. App. 2010)

(4)

On Direct Appeal with the Agreement of the State the conviction for Indencency by Exposure was vacated and the count was dismissed as a violation of double Jeopardy. The Judgement of conviction for Indencency with a child by contact was affirm.

## Procedure History

- The Applicant filed his first writ of Habeas corpus on Jan. 05, 2012. The first writ was denied without a written order because Retain counsel failed to file Applicantion timely missed Deadline for AEDPA

- Applicant filed a second writ of Habeas on January 28, 2015 writ was dismissed for Non-Compliance with Rule of Appellate 73.1

- Applicant Third Applications for Writ of Habeas is Now before this court.

## Traverse Arguments and factual Issues Presented

On April 1, 2015 the State submitted its first

(3)

ANSWER. In the States first response it has admitted that the only facts in support of Applicants claims that are not part of the trial records are Applicants work records and school records of his children see State Answer at page four.

On April 13, 2015 Applicant submitted to the trial court his first Traverse and rebuttal pleading to the State and Trial Court stating that the State has mis-construed and mis constructed the facts to Applicant Third Ground raised in his writ of habeas Application. Here Argues and points out that the facts raised in ground three demonstrates that the prosecutor in this case committed perjury at trial and Knowingly and Intentionally suppressed exculpatory Evidence Namely the dates in the work records and time sheets of Applicants and the dates of Keller School Records, the alleged Victum in this case.

Here Applicants Argues and points out that the prosecutor falsely stated and presented false records to the Jury in camera mis-leading records and dates Alleging the Applicant and Keller the Victum both to have missed work and school on Jan. 10, and 24 of 2006. see Record at Vol. 5, pg. 142 Lines 11-25, and pg. 143, 1-11.

On April 17, 2015 the trial court Judge signed an Order to dismiss pursuant to Art. 11.073§4. In revelent part the court found that:

"Applicant here alleges that his newly discovered work records show that he was absent from work for only 1.5 hours on a day that complainant said Applicant made her touch his penis and was not absent on the other date."

He does not allege facts showing he could not have obtained these records before he files his first Application.

## Supplementation and Admending Original Habeas Application

Here Applicant seeks to move this court pursuant to Texas rules of Appellate procedure Rule 52.7(b) to supplement and Admend his writ of Habeas Corpus to demonstrate fact as to why he could not have obtained these records of dates in work records and time sheets of Applicant and school records of allege victum Kellee Justice to both have missed work and school on Jan 10, and 24 of 2006. see Record at Vol. 5 pg. 142 lines 11-25, and pg. 143, line 1-11. Before the filing of his first Application writ of Habeas

(5)

Here Applicant will show with competent Evidence that he could not have obtained these records mention above before the filing of his first Application. Applicant will show the following:

Exhibit (A) — Affidavit of Attorney Jade Marie Meeker, the Retain Attorney Applicant hired to do his first Application for writ of Habeas Corpus. Attached to the Appendix of this Petition

Exhibit (B) — State Bar of Texas Office of the Chief Disciplinary Counsel Case No. 201405538 Marcel Nwaguwu — Jade Marie Meeker see Appendix of this Petition

In both of these Exhibits it clearly shows that Applicant State writ of habeas Corpus and Federal writ were time barred due to Counsel Jade Marie Meeker Neglects allowing time limitation to file run out. The writ was due to be file by November 20, 2011, however Attorney Meeker did not file the writ until January 3, 2012 Additionally she states in her Affidavit Exhibit (A) at page (1) " Thus, through no fault...

(6)

of his own, Mr. Nwaguu did not have the Records to review for at least six weeks After he originally requested that I get him a copy. Also see Exhibit -(B) which shows that On March 27, 2014 Mr. Nwaguu Applicant requested his case file pursuant to Rule 1.15(d) The letter specifically refers to Applicant for writ of habeas corpus. And Attorney Meeker complied with Applicant request sending Applicant the entire file.

For these reasons present and evidence presented above. Applicant requested for Record review of trial records but did not recieve Records until After the first Applicant Application was filed.

It was not until After Applicant receive the records from Attorney Jack Meeker and with the help of another inmate Around April of 2014 that Applicant found some inaccuracies about Applicant work records and time sheet and the school records of Applicant children.

Upon these findings by the Applicant and the Newly discovered evidence that be the dates of Applicant time sheets and work records clearly show Applicant to be at work

on the date stated by the prosecutor to the jury and tardy from work only a hour and half on the dates the prosecutor falsely stated and presented to the jury to be both day Applicant and Keller the alleged victim to be absent for work and school was clearly false and misleading and was done knowingly and intentionally by the prosecutor to corroborate Keller lies and perjury at trial to wrongfully ascertain a conviction.

For these reasons and pursuant to Texas Code of Criminal Procedure Article 11.07 4 (A). The current claims and issues have not and could not have been presented previously in an original application or in a previously considered application. However and of the contrary Applicant did present these claims in his second writ that was dismissed for Appellate Rule 73.1 that could have been re-filed by correcting the application defects.

Applicant maintains he is actually innocent and has presented newly discovered evidence that the prosecutor knowing suppressed see Brady v. Maryland. 373 U.S 83

(8)

Where Court premises are considered Applicant pray that this court will grant this Motion to Supplement his Original Application And Travers Pleading and Rebuttal to States Original Answer and the trial courts finding of fact and Order. In the interest of fairness and Justice. So it is prayed Applicant further pray that this court will order an Evidentiary hearing to resolve the factual matters pertaining to this petition.

Respectfully Submitted.

/s/ Marce Nwagwu

Marcel Collins Nwagwu

## Certificate of Service

I, Marcel Nwagwu do hereby declare that the foregoing is true and correct and has been served by Placing the same in a U.S. mail box at the Terrell Unit Address to the listing described below. Executed on this 23rd day of April 2015

Rosa Theolanis
Assistant District Attorney
District Attorney's Office
P.O. Box 1748
Austin, Texas 78767
Texas Bar No. 24037591

Respectfully Submitted by

Maichi Collins Nwaguru
TDCJ No. 1593238
Terrell Unit
1300 FM 655
Rosharon, Texas 77583
Pro-Se

In The Court of Criminal Appeals
of Texas

Exparte Marcel Rollins Nwagwu

Exhibit — (A)

Affidavit of Attorney Jade Marie Meeker

TRAVIS COUNTY                          *

TEXAS                                  *

## EQUITABLE TOLLING AFFIDAVIT
## TO PERMIT LATE FILING OF FEDERAL APPLICATION FOR
## WRIT OF HABEAS CORPUS

Jade Meeker, being first duly sworn under oath, swears that the following facts are true and correct, to the best of her knowledge, which she makes with personal knowledge:

Mr. Marcel Nwagwu was convicted of indecency with a child by contact on August 20, 2009. The Third Court of Appeals reversed a second conviction, but affirmed the indecency conviction in an unpublished opinion on October 21, 2010. Nwagwu v. State, No. 03-09-00536CR, delivered October 21, 2010, unpublished, no pet.

Mr. Nwagwu filed an application for habeas corpus under Article 11.07, of the Texas Code of Criminal Procedure, on Jan. 5, 2012. The Texas Court of Criminal Appeals denied the application without written order on July 25, 2012.

Under federal law, Mr. Nwagwu would have had one year from October 21, 2010, to file his federal writ application. Thus, his federal application would have been due November 10, 2011.

In this affidavit for equitable tolling, I direct the Court to two factors to consider in Mr. Nwagwu's favor toward allowing him to file an application for federal writ of habeas corpus. First, Mr. Nwagwu asked me to obtain a copy of the trial record for him so that he could review it to determine whether a federal writ would be appropriate. Given the age of the case, the clerk had to order the record from the "warehouse," and told me she would call when the record arrived. I waited several weeks to hear back from the clerk regarding the arrival of the record and left messages asking for a return call. I finally went to the clerk's office and found that the record had in fact arrived but no one had called me to pick it up. Thus, through no fault of his own, Mr. Nwagwu did not have the record to review for at least six weeks after he originally requested that I get him a copy. This Court should allow equitable tolling of the time period so that Mr. Nwagwu may file his writ application.

Second, and more importantly, Mr. Nwagwu fell victim to the insidious racism which still troubles this part of the country. When the prosecutor inquired as to the nation of Mr. Nwagwu's origin, which was wholly irrelevant to the proceeding, the defense attorney failed to object. When the jury learned that Mr. Nwagwu was not an American citizen, the prosecutor's only goal was to associate Mr. Nwagwu with other, nefarious people from his country. The

1

defense attorney should have objected and obtained a limiting instruction at a minimum. [It could not be argued that objecting would call more attention to the situation: the prosecutor clearly exceeded the bounds of relevance to Mr. Nwagwu's detriment]. Because his federal rights were violated, this Court should equitably toll the time periods to allow filing the federal application.

Mr. Nwagwu's conviction was based upon the statement of one witness, whose testimony he contradicted. He had never before been convicted or charged with such an offense, and the complaining witness had a clear motive to testify against him.

Because the case is so close, and because the passage of time is not wholly Mr. Nwagwu's fault and important issues such as ineffective assistance of counsel, who allowed racial overtones to invade the jury panel, this Court should allow the equitable tolling of the time requirements so that Mr. Nwagwu may file his federal application for writ of habeas corpus.

Sworn to on this, the 3rd day of July, 2013.



Jade Meeker

Attested to before:

Notary Public
Travis County, Texas

July 3, 2013

EMILY MILLER
Notary Public
STATE OF TEXAS
Comm. Exp. 03-22-2015

In The Court of Criminal Appeals
of Texas

Exparte Marcel Collins Nwaguru

# Exhibit — (B)

State Bar of Texas office of the Chief Disciplinary
Counsel

# TERRENCE W. KIRK

ATTORNEY AT LAW
1504 WEST AVENUE
AUSTIN, TEXAS 78701
(512) 236-8511
(FAX) 476-5346

BOARD CERTIFIED CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

E-MAIL ADDRRESS:
tkirk@defenselawyer.net

December 22, 2014

State Bar of Texas
Office of the Chief Disciplinary Counsel
Attn: Mr. Chad Childers
1414 Colorado, Ste. 200
Austin, Texas 78701

RE:     201405538 – Marcel Nwagwu – Jade Marie Meeker

Dear Sirs:

By and through her undersigned counsel, Jade Marie Meeker submits this response to the grievance filed against her by Mr. Marcel Nwagwu.

## Complaint

Mr. Nwagwu alleges that Ms. Meeker violated Rule 1.01(b)(1) of the Rules of Professional Conduct because she failed to file a writ of habeas corpus "in a timely manner." According to Mr. Nwagwu, the writ was "due on November 20, 2011," but Ms. Meeker did not file it until January 5, 2012. As a result of the delay, Mr. Nwagwu says, his writ of habeas corpus in federal court was time-barred.

*Short Answer*

Ms. Meeker agreed to file a *state* writ of habeas corpus pursuant to Article 11.07 of the Code of Criminal Procedure. She did not agree to file it by a date certain, and it was not due on November 20, 2011 because there is no statute of limitations for an 11.07 writ. Ms. Meeker did not agree to file a *federal* writ and no such writ was ever mentioned until 2013, when Ms. Meeker agreed to give an affidavit in support of Mr. Nwagwu's argument for equitable tolling of the federal statute of limitations. Accordingly, there was no breach of contract here, and thus no professional misconduct.

*Response in Full*

Ms. Meeker was appointed to represent Mr. Nwagwu on appeal from two convictions for indecency with a child in Cause No. D-1-DC-07-904098, 299th Judicial District Court, Travis County, Texas. On October 21, 2010, the Third Court of Appeals vacated one of the convictions, agreeing with Ms. Meeker that the Double Jeopardy Clause barred two convictions for one act of indecency with a child. *Nwagwu v. State*, No. 03-09-00535-CR (Tex. App. – Austin 2010).

On September 14, 2010, as Mr. Nwagwu alleges, Ms. Meeker signed a contract with Mr. Nwagwu to file "an application for writ of habeas corpus in client's Cause No. D-1-DC-07-904098." *See contract submitted by Mr. Nwagwu.*

Ms. Meeker agreed to begin work on the writ "immediately" but pointed out that no writ could be filed until Mr. Nwagwu's appeal had been concluded. The contract did not specify that Ms. Meeker file the writ by any particular date, and Mr. Nwagwu never complained about any delay in filing the writ. Ms. Meeker visited Mr. Nwagwu in prison to discuss the state writ, but again no federal writ was contemplated.

Ms. Meeker filed the writ on January 5, 2012. In the writ she argued that trial counsel was ineffective for not objecting to the indictment, which allowed the State to argue that Mr. Nwagwu was guilty of two offenses, not just one. The Court of Criminal Appeals denied relief on July 25, 2012.

On March 27, 2014, Mr. Nwagwu requested his case file pursuant to Rule 1.15(d). *See attached copy of letter.* The letter specifically refers to "Application for Writ of Habeas Corpus, Tex. Code Crim. Proc. art. 11.07." Mr. Nwagwu correctly noted that Ms. Meeker "no longer represented [him]," entitling him to his file. Ms. Meeker complied with his request, sending Mr. Nwagwu her entire file. *See enclosed copies of correspondence.*

On March 20, 2013, Mr. Nwagwu filed a petition for writ of habeas corpus in Case No. A-13-CA-283-SS, United States District Court, Western District of Texas. Recognizing that his petition was time-barred because it was not filed within the one-year statute of limitations, Mr. Nwagwu had a friend request that

Ms. Meeker file an affidavit to support his argument that the district court should invoke the doctrine of "equitable tolling."

Ms. Meeker agreed to help Mr. Nwagwu, and executed an affidavit for him. In the affidavit, Ms. Meeker noted that Mr. Nwagwu had asked her "obtain a copy of the trial record for him *so that he could review it to determine whether a federal writ would be appropriate.*" See copy of affidavit submitted by Mr. Nwagwu *(Emphasis added).* She pointed out that because of a delay in obtaining the record from the district court clerk, "Mr. Nwagwu did not have the record *to review* for at least six weeks" after he originally requested her to get the record. *Id. (Emphasis added).* She also asked the district court to allow late filing because Mr. Nwagwu had been the victim of racism and was in fact innocent. Despite her affidavit, the district court denied relief on October 11, 2013.

*Conclusion*

On these facts, Ms. Meeker is not guilty of the professional misconduct that Mr. Nwagwu alleges. Contrary to his claim, his *state* writ was not "due" by November 20, 2011; Article 11.07 does not mention any statute of limitations; and the contract specified that the writ was a *state* writ, not a federal writ. Ms. Meeker never agreed to file any federal writ, and her affidavit reflects that she did not learn of Mr. Nwagwu's potential desire to go to federal court until sometime in the summer of 2013.

Unfortunately, by then Mr. Nwagwu was time-barred, but not because Ms. Meeker breached any contractual duty, as alleged in the grievance. As shown in her affidavit, Ms. Meeker has the utmost sympathy for Mr. Nwagwu, but he is mistaken in blaming her for his plight. Accordingly, Ms. Meeker asks that the Office reject his complaint.

Respectfully submitted,

cc: Mr. Marcel Nwagwu
    #1593238
    C.T. Terrell Unit
    1300 F.M. 655
    Rosharon, Texas 77583